IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lonny Bristow,                    :

        Plaintiff,                :       Case No. 2:12-cv-0045

    v.                            :

Robert D. Nichols,                :       JUDGE EDMUND A. SARGUS, JR.

    Defendant.                    :       Magistrate Judge Kemp


REPORT AND RECOMMDATION

    Plaintiff, Lonny Bristow, has filed a complaint and an
application for leave to proceed *in forma pauperis*.  Mr.
Bristow's complaint seeks punitive damages and declaratory relief
against Madison County Common Pleas Judge Robert D. Nichols.  The
case is now before the Court to conduct an initial screening
pursuant to 28 U.S.C. §1915(e)(2).  For the following reasons,
although Mr. Bristow's request for leave to proceed in forma
pauperis will be granted, it will be recommended that the case be
dismissed.

I. Factual Background

    The facts which Mr. Bristow alleges in his complaint may be
summarized as follows.  Mr. Bristow is a defendant in a case now
pending in the Court of Common Pleas of Madison County, Ohio,
captioned Deborah A. Timmerman Cooper v. Lonny Bristow and
bearing case number DRH-2011-0212.  The case is assigned to
presiding Madison County Common Pleas Court Judge Robert D.
Nichols.

    According to Mr. Bristow, Judge Nichols entered an order in
that case on January 3, 2012, which Mr. Bristow describes as
"a final appealable order."  Mr. Bristow appealed that order to
the Twelfth District Court of Appeals on January 6, 2012.
Although the complaint does not describe the nature of the order,

a review of the Madison County Court of Common Pleas online docket for case number DRH-2011-0212 (which can be found at http://12.32.69.178/cgi-bin/cdocket.cgi?pre=DRH&num=20110212 &sub=&type=DR&acc) indicates that the plaintiff in that case sought a civil stalking protection order against Mr. Bristow and that the Court's January 3, 2012 order was an order of protection effective until December 17, 2016. The Court is entitled to take judicial notice of facts appearing on a state court online docket. <u>Lynch v. Leis</u>,382 F.3d 642,647 n.5 (6th Cir. 2004).

On January 11, 2012, five days after Mr. Bristow filed his notice of appeal, Judge Nichols ordered him to appear before the Madison County Sheriff for a monitoring device to be attached. Mr. Bristow's complaint alleges that this order was issued in retaliation for Mr. Bristow's having filed the notice of appeal. As relief, the complaint asks for a declaratory judgment that Mr. Bristow's constitutional rights were violated by the order and that he be awarded punitive damages in the amount of $25,000.00.

## II. <u>Legal Standard</u>

Under 28 U.S.C. § 1915(a)(1), this Court may authorize the commencement of a civil case without prepayment of fees or costs if the person seeking to file the case submits an affidavit demonstrating that the person is unable to pay such fees and costs. However, 28 U.S.C. § 1915(e)(2) requires the Court "to dismiss the case at any time if the court determines that …(B) the action or appeal (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted [or] seeks monetary relief against a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief

above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007). The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). The Court of Appeals has held that section 1915(e)(2)'s initial screening requirement applies to complaints filed by non-prisoners as well as prisoners. Baker v. Wayne County Family Independence Agency, 75 Fed. Appx. 501, 502 (6th Cir. 2003)(citation omitted). It is with these standards in mind that the Court conducts its initial screening of the complaint submitted by Mr. Bristow.

### III. Discussion

### A. Declaratory Relief

The first type of relief requested in Mr. Bristow's complaint is a declaratory judgment to the effect that Judge Nichols' January 11, 2012 order violated Mr. Bristow's constitutional rights because it was issued in retaliation for Mr. Bristow's having exercised his right to appeal the civil protection order issued on January 3, 2012. The Court will assume, for purposes of determining if the complaint states a viable claim for relief, that the order was, in fact, retaliatory in nature, and that the complaint sets forth a claim which contains the elements of a cause of action under 42 U.S.C. §1983 - that is, the violation of a citizen's constitutional right (here, the First Amendment right of access to the courts, or a Fourteenth Amendment Due Process right) by a person acting under color of state law. See, e.g. Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978). Nevertheless, this is not a claim on which a federal court may grant declaratory relief.

In the seminal case of Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when injunctive relief requested from a United States District Court would, if issued, interfere with the progress of a pending state criminal

proceeding, the court should abstain from exercising jurisdiction and dismiss the case. The decision was based upon federalism grounds; as the Supreme Court explained, federal courts are very hesitant to interfere with the progress of state-initiated criminal prosecutions out of respect for the sovereignty of the States, and should do so only if the state court defendant (who is also the federal court plaintiff) can show that the state courts do not afford the opportunity for constitutional issues to be litigated there (so that there is no adequate legal remedy in the context of the state court proceeding) or if the prosecution is proceeding in bad faith or threatens the federal court plaintiff with great and immediate harm.

On the same day that Younger was decided, the Supreme Court also considered whether these principles applied equally to the issuance of declaratory relief. In Samuels v. Mackell, 401 U.S. 66 (1971), the Supreme Court held that they did, extending the Younger abstention doctrine to requests for declaratory relief, at least where granting a declaratory judgment would have the potential to interfere with an ongoing state court criminal proceeding. The Court reasoned that if the state court refused to recognize the validity of the declaratory judgment, the next logical step would be an enforcement proceeding in federal court, and that should the court enforce its declaratory judgment by way of an injunction, the result would be "a clearly improper interference with the state proceedings." Id. at 72. Even if that did not occur, however, "the declaratory relief alone has virtually the same practical impact as a formal injunction would," and is barred for the same reason as an injunction would be. Id.

Both Younger and Samuels involved pending state criminal prosecutions. The Younger doctrine was quickly enlarged, however, to apply to any state proceeding in which the state has

a substantial interest - even those in which the state is not strictly a party to the action.  See, e.g., Huffman v. Pursue, Ltd., 420 U.S. 592 (1975) (civil nuisance proceeding); Trainor v. Hernandez, 431 U.S. 434 (1977) (state civil fraud proceeding); Juidice v. Vail, 430 U.S. 327 (1977) (state contempt proceeding); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987) (private civil case involving a challenge to state appellate bond proceedings).  The question here is whether a state court proceeding in which an individual unrelated to the alleged stalker obtains a civil protection order is one to which Younger applies.

The Sixth Circuit Court of Appeals has held that Younger abstention is justified when the following three elements are present: (1) there is a pending state court proceeding; (2) the proceeding involves a significant state interest; and (3) the federal court plaintiff has an adequate opportunity to raise their federal constitutional challenges in state court. Sun Refining & Marketing Co. v. Brennan, 921 F.2d 635, 639 (6th Cir. 1990).

Regarding the first element, "the proper time of reference for determining the applicability of Younger abstention is the time that the federal complaint is filed."  Id.  Here, there is no question that a state court proceeding was pending when Mr. Bristow filed his complaint.  He had just taken an appeal from the civil protection order, and the state court had not yet ruled on the appeal.  A case is pending for Younger purposes even if trial court proceedings have concluded and the matter is on appeal.  See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir. 1990)(Younger's bar to injunctive relief "applies to state appellate proceedings as well as state trials").  Thus, this element is satisfied.

Turning to the second element, a state civil court

proceeding may involve an important state interest requiring
abstention, even when the state is not a party to the case.  See,
e.g., Kelm v. Hyatt, 44 F.3d 415 (6th Cir. 1995).  In Kelm, the
court held that Younger abstention was appropriate where the
plaintiff's complaint alleged that the execution of a state court
civil protection order deprived him of his due process rights.
The Kelm court held that regulating domestic violence and the
allocation of property and child custody during divorce
proceedings were traditional domestic relations issues involving
a significant state interest.  Kelm, 44 F.3d at 420.

     Here, it does not appear that the underlying case involves a
domestic relations issue.  Rather, the Court may take judicial
notice of the fact that Mr. Bristow was, at one time, a state
prisoner, and that Ms. Timmerman-Cooper, the state court
plaintiff, is the Warden of the London Correctional Institution.
Nevertheless, this type of proceeding implicates important state
interests.  As one Ohio appellate court has noted, stalking
orders issued under Ohio Rev. Code §2903.214 "are an important
part of the overall legislative scheme that is designed to allow
the police and the courts to act before a victim is harmed by a
stalker."  Lindsay v. Jackson, 2000 WL 1268810, *2 (Hamilton
County App. 2000).  This Court has little difficulty concluding
that a state court case initiated by a private party, but seeking
protection from the state courts in the form of a stalking order
authorized by §2903.214, is a proceeding to which Younger
applies.

     Finally, turning to the third element, Mr. Bristow has not
alleged that he has raised his constitutional claim in state
court, nor has he alleged that the state court system does not
allow him to do so.  In this situation, the federal courts "must
presume that the state courts are able to protect the interests
of the federal plaintiff."  Kelm, supra, at 420, citing Pennzoil,

<u>supra</u>, at 15.  There is no reason why Mr. Bristow cannot seek relief from the state appellate court, in the context of his pending appeal, should he believe that Judge Nichols' order is unconstitutional.  Therefore, all of the <u>Younger</u> elements are satisfied, and abstention - including the dismissal of this action - is mandatory.

There is also a second reason why the Court cannot entertain Mr. Bristow's claim for declaratory relief.  Should the Court review Judge Nichols' order for its constitutionality, it would, in essence, be serving in the role of an appellate court.  But the jurisdiction of the United States District Courts is original, not appellate.  <u>See  District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).  This seemingly straightforward jurisdictional principle has become known as the <u>Rooker-Feldman</u> doctrine.  Often, however, it can be somewhat difficult to determine if the matter before the district court is actually an appeal of a state court order.  If the federal court plaintiff does not explicitly state that he is appealing a state court order or judgment, but it is clear that the injury about which he complains was caused by the actions of the state court, the <u>Rooker-Feldman</u> doctrine applies.  As the Court of Appeals has explained, "[t]he inquiry ... is the source of the injury the plaintiff alleges in the federal complaint.  If the source of the injury is the state court decision, then the <u>Rooker-Feldman</u> doctrine would prevent the district court from asserting jurisdiction."  <u>McCormick v. Braverman</u>, 451 F.3d 382, 393 (6th Cir. 2006).

Here, it is true that Mr. Bristow is not arguing that Judge Nichols' decision is inherently flawed, but rather that even if it were an otherwise legitimate order, it was issued under circumstances that amounted to a constitutional violation.

Still, the source of the injury about which Mr. Bristow complains is the order itself, and not any action caused by the state court plaintiff, Warden Timmerman-Cooper. Thus, this case also appears to fit neatly within the contours of the <u>Rooker-Feldman</u> doctrine, although, given the clear application of the <u>Younger</u> abstention doctrine to the facts of the case, that determination is not strictly necessary. Either way, the Court may not grant Mr. Bristow declaratory relief based on the claim asserted in his complaint.

### B. <u>Claim for Monetary Damages</u>

Mr. Bristow has also asked for an award of money damages against Judge Nichols, again based on the alleged unconstitutionality of the January 11, 2012 order. He claims not only that the order was issued in retaliation for the appeal, but that because a notice of appeal had been filed, Judge Nichols acted in the absence of jurisdiction. These allegations do not save this claim from dismissal.

First, the same principles which led the Supreme Court, in <u>Younger v. Harris</u>, to bar equitable relief which would interfere with the progress of state judicial proceedings, counsel against entertaining a claim for money damages while those proceedings are pending. <u>See Carroll v. City of Mount Clemens</u>, 139 F.3d 1072, 1075 (6th Cir. 1998)(an "action for damages under 42 U.S.C. §1983 ... is a textbook case for <u>Younger</u> abstention"). However, in such a case, abstention in the form of a stay of the federal court proceedings rather than outright dismissal appears to be the proper course of action. <u>Id</u>. Dismissal is appropriate here for a different reason, however; Judge Nichols, as a state court judge acting in a judicial capacity, is absolutely immune from a suit for money damages based on the issuance of his order.

As a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts. "It is well- established that judges of courts of general jurisdiction are immune from liability for their judicial acts.... Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute." <u>Sparks v. Kentucky Character & Fitness Committee</u>, 818 F.2d 541, 542 (6th Cir.1987), <u>vacated</u>, 484 U.S. 1022 (1988), <u>aff'd on reconsideration</u>, 859 F.2d 428 (6th Cir.1988), <u>citing Bradley v. Fisher</u>, 80 U.S. (13 Wall.) 335 (1871); <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>King v. Love</u>, 766 F.2d 962 (6th Cir.), <u>cert. denied</u> 474 U.S. 971 (1985).

<u>Bradley</u> stands for the proposition that, at common law, a judge enjoys absolute immunity from the consequences of judicial acts, premised upon the concern that if such immunity were not available, judges would constantly be the subject of lawsuits by unsuccessful or dissatisfied litigants, and that the risk of personal liability and the interference with a judicial function posed by the availability of such lawsuits would make it impossible either for judges to carry out their functions or to encourage persons to become judges in the first instance. That common-law principle was extended to liability under 42 U.S.C. § 1983 by <u>Pierson v. Ray</u>, 386 U.S. 547 (1967). As more completely explained in <u>Stump v. Sparkman</u>, <u>supra</u>, the immunity does not disappear even if the judicial act "was in error, was done maliciously, or was in excess of [the judge's] authority"; liability attaches only to acts taken in the "'clear absence of all jurisdiction.'" <u>Id</u>. at 356-57, <u>quoting Bradley v. Fisher</u>, <u>supra</u>.

If a judge acts in some capacity other than a judicial capacity, judicial immunity does not apply. <u>Forrester v. White</u>, 484 U.S. 219 (1988); <u>see Crooks v. Maynard</u>, 913 F.2d 699, 700

(9th Cir.1990)("Absolute judicial immunity only applies to
judicial acts and not to administrative, legislative, and
executive functions that a judge may perform").  It is not always
clear which acts of a judge are "judicial" and which are not.
The test is a functional one.  The court must consider the nature
of the act, not the identity of the actor.  "Any time an action
taken by a judge is not an adjudication between parties, it is
less likely that the act is a judicial one."  Morrison v.
Lipscomb, 877 F.2d 463, 466 (6th Cir.1989).  However, if the act
helps to determine the rights and liabilities of parties to a
lawsuit, it may be a judicial act even if it does not fall into
the traditional category of deciding a case.

Once the court determines that an act is of a judicial
nature - that is, one ordinarily performed by a judge - and the
persons dealing with the judge reasonably understand his actions
to have been so performed, unless there is unequivocal proof that
the judge acted in the clear absence of all jurisdiction, he or
she is absolutely immune from a suit for money damages brought
under §1983.

In this case, Judge Nichols performed a judicial act by
issuing an order.  The specific order in question - directing Mr.
Bristow to appear for purposes of being fitted with an electronic
monitor - is an act which a state court judge is authorized to
perform under Revised Code §2903.214(E)(1)(b) ("the court may
order that the respondent be electronically monitored for a
period of time and under the terms and conditions that the court
determines are appropriate").  The only possible reason why
judicial immunity would not apply here is if Judge Nichols acted
"in the clear absence of all jurisdiction" by issuing the order
after Mr. Bristow had filed a notice of appeal.

It is generally true, in Ohio, that once an appeal is
properly taken, the trial court loses jurisdiction over the case.

That rule is not absolute, however; as the state appellate courts note, "the filing of a notice of appeal generally divests the trial court of jurisdiction to act except over issues not inconsistent with the appellate court's jurisdiction ...." Estate of Beavers v. Knapp, 175 Ohio App. 3d 758, 788-89 (Franklin Co. App. 2008). For the following reasons, the order issued by Judge Nichols appears to be the type of order that is not inconsistent with the jurisdiction of the appeals court.

There is no question that the order granting protection to Warden Timmerman-Cooper was not stayed at the time Judge Nichols ordered Mr. Bristow to appear before the Madison County Sheriff. The Ohio Rules of Procedure provide that a stay of an order granting injunctive relief may be obtained from either the trial court or the appellate court. See Ohio R. App. P. 7(A); Ohio R. Civ. P. 62(A). Absent a stay, the order remains in effect and the trial court has jurisdiction to enforce it. See Hosta v. Chrysler, 172 Ohio App. 3d 654, 662 (Montgomery Co. App. 2007)("[w]hen a permanent injunction has been issued by the trial court on the merits of a claim, the court has continuing jurisdiction to enforce the injunction"); Northfield Park Associates v. Northeast Ohio Harness, 36 Ohio App. 3d 14, 26 (Cuyahoga Co. App. 1987)("[t]he appellants took no action to obtain a stay under the provisions of Civ.R. 62 to stay the enforcement of the judgment rendered against them. Accordingly, it was within the power of the trial court to issue an order to enforce its judgment"). If the mere filing of a notice of appeal divested the trial court of that continuing jurisdiction, the notice of appeal would have the effect of automatically staying the order, but that is not the case. "A trial court is [only] deprived of its authority to enforce such a judgment ... if there is an order staying its execution pending the outcome of an appeal." Dandino v. Finkbeiner, 1995 WL 628222 (Lucas Co. App.

Oct. 27, 1995).  The same principle holds true in federal jurisprudence; once a permanent injunction issues, and even if a notice of appeal has been filed, "[u]ntil the judgment has been properly stayed or superseded, the district court may enforce it ...."  United States v. Revie, 834 F.2d 1198, 1205 (5th Cir. 1987).

Here, the order about which Mr. Bristow complains was clearly in the nature of an order enforcing the prior protection order.  Judge Nichols had already determined that Warden Timmerman-Cooper was entitled to such an order, and by directing Mr. Bristow to appear for the electronic monitor to be attached, he was simply enforcing the prior order.  It seems plain to this Court that he had the jurisdiction to do so absent a stay of his protection order.  Even if he did not, however, it is arguable that he did.  That is inconsistent with the clear absence of all jurisdiction which must be shown in order to overcome absolute judicial immunity, and therefore Mr. Bristow cannot obtain relief on his claim for money damages against Judge Nichols.

IV.  Recommended Disposition

For all of these reasons, Mr. Bristow's request for leave to proceed in forma pauperis (#1) is granted.  Further, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted.  If this recommendation is adopted, a copy of the complaint, the Report and Recommendation, and the dismissal order should be mailed to the defendant.

V.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).

A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                                        /s/ Terence P. Kemp
                                        Unites States Magistrate Judge